United States Court of Appeals,

Eleventh Circuit.

No. 95-6972

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony Sheron WIGGINS, Defendant-Appellant.

Dec. 24, 1997.

Appeal from the United States District Court for the Southern District of Alabama.

Before ANDERSON, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

Defendant Anthony Sheron Wiggins appeals his convictions entered on his guilty plea to three bank robberies in violation of 18 U.S.C. § 2113(a). Wiggins contends that his plea was not made knowingly and intelligently because the district court failed to inform him of the nature of the charges as required by Federal Rule of Criminal Procedure 11(c). The district court did not commit plain error and we affirm Wiggins's convictions.

## I. *FACTS*

On April 20, 1995, defendant Wiggins robbed a bank in Prichard, Alabama; on April 24, he robbed a bank in Mobile, Alabama; and on May 1, he robbed another bank in Mobile. In the last robbery, a bank customer pursued Wiggins and fired a warning shot. When Wiggins began to run, the armed customer shot him in the leg, resulting in his arrest.

During the change of plea hearing, the district court asked defendant Wiggins if he had reviewed the indictment with his attorney and if they had talked about and studied it. Defendant responded "yes, sir." The court inquired if he understood the charges brought against him. Defendant again responded "yes, sir."

The district court discussed the defendant's potential plea agreement and informed him about the minimum and maximum sentences and the Federal Sentencing Guidelines. As the court

instructed the defendant to listen to the factual basis supporting his plea, the district court referenced the nature of the bank robbery charges as follows:

> Mr. Wiggins listen as Ms. Murphy [the government's attorney] tells me what she contends you did to take by force or violence from the possession of a person or a federally insured bank money of a certain amount. And I am going to ask you if what she says is correct.

(R. at 32.)

After the government's attorney outlined the facts, defendant's attorney advised the court, "as to the material facts constituting the offense I believe that we are in agreement." (R. at 34.) Thereafter, the court asked the defendant, "Did you in effect rob these three banks?" In response, defendant Wiggins stated unequivocally, "yes, sir." (R. at 34.)

Before accepting defendant's plea, the district court made a factual finding that defendant Wiggins had entered an informed plea, as follows:

> The court is satisfied that ... you are competent and capable of entering an informed plea and you have done so, that your plea is supported by an independent and [sic] basis in fact that you have admitted that contains all the essential elements of the offense to which you have plead guilty.

(R. at 36-37.) Defendant never objected before the district court but raises the Rule 11 issue on appeal.

## II. *DISCUSSION*

### A. *Standard of Review*

This court recently addressed whether a violation of Rule 11 should be reviewed under the harmless error or the plain error standard. In *United States v. Quinones,* 97 F.3d 473, 475 (11th Cir.1996), this court held that defendants who do not present Rule 11 violations to the district court must show plain error on appeal.[1] Although adopting the plain error standard, this court further held that determining a defendant is informed of and understands the charges is a core objective under Rule 11(c), and failure to do so violates a defendant's substantial rights and constitutes plain error.

---

[1]Plain error is error that is clear or obvious and affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732-35, 113 S.Ct. 1770, 1776-78, 123 L.Ed.2d 508 (1993); *United States v. Quinones,* 97 F.3d at 475. Plain error analysis differs from harmless error analysis in that the defendant bears the burden of persuasion with respect to prejudice. *Olano,* 507 U.S. at 734-35, 113 S.Ct. at 1777-78; *Quinones,* 97 F.3d at 475.

*Quinones,* 97 F.3d at 475.

Therefore, the sole inquiry here is whether the district court's colloquy with Defendant Wiggins was adequate under Rule 11(c).

B. *Rule 11(c)*

Rule 11(c) provides that a district court must assure that the defendant is informed of and understands the nature of the charge, as follows:

> (c) Advice to Defendant.  Before accepting a plea of guilty or nolo contendre, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered ...

Fed.R.Crim.P. 11(c).

Defendant's main complaint is that the district court failed to inform him of the charges because the court never outlined separately each element of the bank robbery offense and never asked the defendant whether he understood those elements.  Defendant relies on *Quinones,* where this court found a Rule 11(c) violation because the district court asked only whether the defendant received the indictment and reviewed it with his attorney.  97 F.3d at 475.  Defendant stresses the *Quinones* court stated that the "record, moreover, gives no indication that Quinones knew or understood the elements comprising a charge of using or carrying a firearm during and in relation to a drug trafficking crime."  *Id.*

The facts in *Quinones* are materially different from the colloquy here.  In *Quinones,* the district court never asked the defendant if he understood the nature of the charges;  whereas, the district court did here.  The defendant in *Quinones* pled guilty in an equivocal manner, stating:  "I plead guilty I guess."  *Id.* at 474.  In contrast, defendant Wiggins pled guilty unequivocally and admitted that he in fact robbed the banks.  Another distinguishing factor is that after observing Wiggins's demeanor and intelligence, the district court made a factual finding that he had entered an informed plea.  Although it is true that the district court did not state he was outlining the elements of the bank robbery offense, the district court at least incorporated the substance of those elements in a statement later on in the plea colloquy when the district court said:  "Mr. Wiggins

listen as Ms. Murphy tells me what she contends you did to take by force or violence from the possession of a person or a federally insured bank money of a certain amount."  (R. at 32.)[2]

Defendant emphasizes that the district court made only a "passing reference to elements of the crime of bank robbery" at a time in the colloquy when the defendant was hearing the facts in the case and thus would not understand the significance of what he was being told by the district court. (Defendant's Reply Brief, at 4.) Defendant argues that a district court specifically must inform the defendant of each element of the offense separately in order to assure the defendant is informed of the nature of the charges.  However, Rule 11(c) does not specify that a district court must list each element of the offense *seriatim*.  Indeed, there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy. This court has recognized that the Rule 11(c) colloquy may be done in different ways depending on various factors.  *United States v. Lopez,* 907 F.2d 1096, 1099 (11th Cir.1990);  *United States v. Byrd,* 804 F.2d 1204, 1205-06 (11th Cir.1986);  *United States v. Dayton,* 604 F.2d 931, 937-38 (5th Cir.1979) (en banc).  *See also Holmes v. United States,* 876 F.2d 1545, 1548-50 (11th Cir.1989).

For example, in *United States v. Lopez,* 907 F.2d 1096 (11th Cir.1990), this court upheld the guilty pleas of Miami police officers who complained that the district court did not explain all elements of the RICO count, such as "racketeering activity."  In *Lopez,* this court adopted the Fifth Circuit's analytical framework for evaluating a Rule 11 colloquy and held that each colloquy is done individually based on various factors, such as the simplicity or complexity of the charges and the defendant's sophistication and intelligence as follows:

> [f]or simple charges ... a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice. Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explication.  In the case of charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required;  this, of course, is

---

[2]Defendant contends that even if the court asked whether a defendant understands the charges and the defendant replies yes, this single response does not satisfy the court's duty under Rule 11(c) to inform the defendant of the charges.  *United States v. Lincecum,* 568 F.2d 1229, 1231 (5th Cir.1978) (government confessed error on appeal).  However, subsequently the Fifth Circuit, sitting en banc, rejected as too broad the *Lincecum* panel's statement that "a single response by the defendant that he "understands' the charge gives no assurance or basis for believing he does."  *United States v. Dayton,* 604 F.2d 931 (5th Cir.1979) (en banc).

the outer limit.... We can do no more than commit these matters to the good judgment of the court, to its calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence.

*Id.* at 1099 (quoting and citing with approval *United States v. Dayton,* 604 F.2d 931, 937-38 (5th Cir.1979) (en banc)). In *Dayton,* the Fifth Circuit introduced this analytical framework, quoted above and adopted by this court in *Lopez,* with the observation that:

As for the first clause of the first requirement that the judge personally inform the defendant of the nature of the charge and determine that he understands it[,] we are unable to state a simple or mechanical rule but offer some general observations that we hope will be helpful.

*Dayton,* 604 F.2d at 937-38.

In *Lopez,* this court further stressed that "[t]he district court's implicit factual finding that the requirements of Rule 11 were satisfied when it accepted the defendants' pleas is subject to the clearly erroneous standard of review." *Lopez,* 907 F.2d at 1099. In this case, the district court made an express factual finding at the end of the plea colloquy that defendant Wiggins had entered an informed plea and that finding is not clearly erroneous.[3]

Significantly, *Lopez* referenced another Eleventh Circuit decision where a Rule 11(c) record less clear than this case was found to be adequate. *United States v. Byrd,* 804 F.2d 1204, 1205-06 (11th Cir.1986) (plea upheld where defendant said he "wasn't real sure" he understood charge but attorney stated he explained it and thought his client understood the charge). The *Byrd* court also quoted from the Fifth Circuit's en banc *Dayton* decision and stated, "we are guided by the "general observations' given by the *Dayton* court." 804 F.2d at 1207 (emphasis added).

The government and Wiggins cite only *Quinones* and do not cite or discuss *Byrd* or *Lopez;* however, these latter two Eleventh Circuit cases are equally instructive. *Quinones* also did not discuss these other two cases, but instead focused more on whether the standard of review for Rule 11(c) violations was harmless or plain error. In short, *Quinones* does not stand alone but must be

---

[3]The clearly erroneous standard is applied only in reviewing the district court's express factual finding as to defendant's state of mind and whether he understood the charges and thus, in turn, whether the colloquy satisfied Rule 11(c). This is different from the legal standard for determining what happens after a Rule 11(c) violation occurred because that standard is plain error. Even if this court ignores this factual finding by the district court, the colloquy here still satisfies Rule 11(c).

read along with *Lopez* and *Byrd*. The district court's colloquy with Wiggins must be evaluated not only on the entire record in this case, but also under all of the Eleventh Circuit case law.[4]

In sum, each charge and the accompanying colloquy are often different. The task here is to review the particular charge and colloquy and determine whether the core objective of Rule 11(c) was satisfied. After such review, the court finds that the district court complied with Rule 11(c), that defendant Wiggins has not shown plain error, and thus his convictions are affirmed.

AFFIRMED.

---

[4]It could be argued that *Quinones* is inconsistent with *Byrd,* but that inconsistency is more apparent than real. In any event, this panel followed its obligation "if at all possible, to distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule." *United States v. Hogan,* 986 F.2d 1364, 1369 (11th Cir.1993). The basis of reconciliation between *Quinones* and *Byrd* is *Lopez* 's analysis that there is no one method to inform the defendant of the charges and that whether a colloquy satisfies Rule 11(c) depends on the particular charges and facts in each case.