

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. Scott

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Scott" (2004). *2004 Decisions.* Paper 853.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/853

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2921

UNITED STATES OF AMERICA

v.

WAYNE SCOTT
aka "Weezie" aka "Wick" aka Leonard Kees

Wayne Scott,
Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 1:CR-01-275-01)
District Court Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2004

Before: ALITO, FISHER, and ALDISERT, <u>Circuit Judges</u>

(Opinion Filed: April 7, 2004)

OPINION OF THE COURT

PER CURIAM:

Because we write for the parties only, the background of the case is not set forth. Scott contends that the District Court, in accepting his guilty plea, failed to comply with Fed. R. Crim. P. 11(c)(1), which requires a court to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered . . . ." Id. Specifically, Scott alleges that the failure of the District Court to explicitly list the technical elements of the offenses of which he was accused resulted in a plea which was not "truly voluntary," since it cannot be shown that he "possess[ed] an understanding of the law in relation to the facts." See McCarthy v. United States, 394 U.S. 459, 466 (1969). Accordingly, Scott asks that the judgment be vacated and the case remanded for further proceedings.

Scott acknowledges that, because no objection was made in the District Court, we review for "plain error" only. See United States v. Knobloch, 131 F.3d 366, 370 (3d Cir. 1997). We act to correct such errors only when they implicate "substantial rights" and "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." Id., quoting Johnson v. United States, 520 U.S. 461, 467 (1997). "The burden is on the defendant to show that the error in fact prejudiced him . . . ." Knobloch, 131 F.3d at 370.

We do not believe that any of Scott's "substantial rights" were compromised here. Scott acknowledged that he had reviewed with his attorney the criminal indictment which described the elements of the offenses charged, and waived the reading of the indictment

2

in open court. App. 52A. The prosecutor nevertheless described in detail the factual bases for the charges against Scott. App. 61A-62A. The District Court then asked Scott, "[I]s that what happened here?" App. 62A. Scott replied, "Yes, ma'am." Id. At the conclusion of the hearing, the District Court made an explicit finding that Scott was acting voluntarily, and that he understood that "the plea has a basis in fact and contains all of the elements of the crimes charged." App. 66A.

Scott points to United States v. Quinones, 97 F.3d 473 (11th Cir. 1996), in which it was found that the failure to inform a defendant of the nature of the charge against him violated the defendant's substantial rights. Id. at 475. However, as the Eleventh Circuit has later emphasized, neither Quinones nor Rule 11(c) specifies that a district court is required to list each element of the offenses charged seriatim. United States v. Wiggins, 131 F.3d 1440, 1442-43 (11th Cir. 1997). As was the case with the defendant in Wiggins, we believe that Scott was adequately informed of and understood the nature of the charges against him, even though the District Court did not explicitly list the offenses' elements in open court.

In fact, Scott does not contend on appeal that he did not understand the elements of these crimes at the time that he entered his plea. Nor does he claim that he would have pleaded differently if those elements had been explicitly set forth at his plea hearing. Because Scott has failed to show that his substantial rights were prejudiced by the alleged "error" of the District Court, we affirm.