[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15833
Non-Argument Calendar

_____

D. C. Docket No. 07-14048-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMIE LEE SCALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 17, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Sammie Lee Scales appeals his conviction for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He also appeals his sentences for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and carrying a firearm during and in relation to a drug trafficking crime, in violation of § 924(c). He asserts three issues on appeal, which we address in turn. After review, we affirm Scales' conviction and sentences.

I.

Scales asserts he should be able to withdraw his guilty plea to the § 924(c) charge because it was not knowing and voluntary, and was therefore invalid under the Due Process Clause and Rule 11 of the Federal Rules of Criminal Procedure. He contends the court failed to inform him of the nature of the § 924(c) charge or the elements of the crime, and he did not understand the elements of the offense. Scales asserts he did not understand the Government would need to prove an underlying drug trafficking crime to convict him of the § 924(c) charge for possession of a firearm in furtherance of a felony. Further, he contends he would have reasonable grounds to challenge that underlying drug trafficking charge because the entire quantity of drugs was small and the weight was not established by laboratory testing.

Because Scales objects to the plea proceedings for the first time on appeal, he "has the burden to satisfy the plain-error rule." *United States v. Vonn*, 122 S. Ct. 1043, 1046 (2002). Under the plain-error standard of review, "[t]here must be an 'error' that is 'plain' and that affect[s] substantial rights." *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993) (citations omitted).

The Due Process Clause requires a defendant knowingly and voluntarily waive the constitutional rights attendant to a criminal prosecution. *McCarthy v. United States*, 89 S. Ct. 1166, 1171 (1969). Rule 11 provides the district court must address the defendant personally in open court and inform the defendant of, and determine that he understands, a list of 14 specific items, including the defendant's trial rights, the consequences of a guilty plea, and the nature of the charges. Fed. R. Crim. P. 11(b)(1). In addition, the court must ensure that a plea is voluntary. Fed. R. Crim. P. 11(b)(2). Although a court does not necessarily commit error if it omits some items under Rule 11, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019-20 (11th Cir. 2005).

At issue here is the second core concern underlying Rule 11, namely, whether Scales understood the nature of the § 924(c) charge. Rule 11(c) does not specify that a district court must list each element of the offense. *United States v. Wiggins*, 131 F.3d 1440, 1442-43 (11th Cir. 1997). "Indeed, there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." *Id.* at 1443. Rather, the court must "review the particular charge and colloquy and determine whether the core objective of Rule 11(c) was satisfied." *Id.* at 1444. The complexity of the charge and the sophistication of the defendant are two major factors in this analysis. *See, e.g.*, *United States v. Telemaque*, 244 F.3d 1247, 1249-50 (11th Cir. 2001).

In *Telemaque*, the defendant pled guilty to possessing cocaine with intent to distribute and conspiracy to do the same. *Id.* at 1248. After confirming the defendant had "seen the indictment or . . . had the indictment read to [him] so that [he understood] exactly . . . what the Government . . . would have to prove," the district court found the defendant understood the nature of the charges. *Id.* at 1249. The court never referenced the elements of the charges, did not ask whether the defendant's counsel had explained the charges, and did not inquire as to the defendant's education and background. *Id.* We held the district court plainly erred

4

by finding the plea was knowing because the defendant had immigrated from Haiti when he was 16, had graduated at the bottom of his class and had no "prior involvement in the court system, either, that would make his quick comprehension more probable." *Id.* at 1249-50.

According to *Vonn*, 122 S. Ct. 1054-55, we must look to the entire record, not just to the Rule 11 hearing, to determine whether a Rule 11 error occurred and what effect it had. In addition, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2340 (2004).

The record contains information from which the district court could find Scales understood the nature of the § 924(c) charge. During the plea colloquy, the court confirmed Scales had attended the twelfth grade, had not been treated recently for mental illness, and was not under the influence of any drugs or alcohol. The court also confirmed Scales had discussed the indictment and plea agreement with his attorney and he understood the terms of the plea agreement. At this hearing, the Government stated it was prepared to prove Scales was arrested while in possession of 30 or more crack cocaine rocks and 39 bags of marijuana, and he

5

had admitted in a post-*Miranda* statement to selling narcotics and possessing the firearm. Scales confirmed the accuracy of this information.

In light of Scales' level of education, his extensive prior involvement with the court system, and his assurances he had discussed the charges and plea agreement with his attorney and he understood the agreement, the district court did not plainly err by finding Scales understood the nature of the charge of knowingly using, carrying or possessing a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c). Even if the court's failure to specifically list the elements of the charge did constitute error, Scales has not shown, or even argued, that he would not have pled guilty if the court had listed the elements of the § 924(c) charge. *See Dominguez Benitez*, 124 S. Ct. at 2340. Thus, the district court did not plainly err by finding that Scales understood the nature of the § 924(c) charge.

## II.

Scales also asserts the district court violated 18 U.S.C. § 3553(c)(1) by imposing a high-end sentence without explaining why the high end was needed in addition to the career offender enhancement. He acknowledges the district court's discussion of his prior criminal history, but argues that, when compared to other career offenders, his history is not so egregious as to warrant a high-end sentence,

6

particularly because it consists mainly of lesser crimes such as petit theft, reckless driving, fleeing or eluding, and traffic violations.

We review *de novo* whether a district court's statement of reasons was deficient under § 3553(c)(1), even where, as here, the defendant did not object below. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006). When the Guidelines range exceeds 24 months, the district court must state in open court the reasons for imposing a sentence at a particular point within that range. 18 U.S.C. § 3553(c)(1). The district court makes an adequate statement under § 3553(c)(1) by tailoring its comments to show the sentence was consistent with the sentencing factors of § 3553(a). *United States v. Parrado*, 911 F.2d 1567, 1572 (11th Cir. 1990). No specific language is required when stating the reasons for a sentence, as a district court simply must demonstrate that it was "mindful" of the appropriate factors when imposing the sentence. *Id.* at 1572-73.

The district court cited specific reasons for Scales' 327-month sentence, which was at the high end of the applicable Guidelines range of 262 to 327 months. Before imposing its sentence, the court noted that Scales had an eight-year long criminal record and a "significant criminal history." The court specifically listed Scales' previous criminal charges, which included multiple sales of cocaine, possession with intent to deliver cocaine, petit theft, burglary of a dwelling while

armed, home invasion robbery, aggravated battery, and numerous driving violations. The court stated, "I take those offenses into consideration and I'm noting the statutory factors set forth in 3553[,] taking into consideration the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* Thus, the court's analysis confirms that it had a reasoned basis for Scales' high-end sentence, and therefore constitutes an explanation that complies with § 3553(c)(1). *See Parrado*, 911 F.2d at 1572.

III.

Scales further contends his sentence was unreasonable, because the district court did not consider the sentencing factors set forth in 18 U.S.C. § 3553(a). He insists the district court relied disproportionately on his criminal history, which was not egregious as compared to other career offenders, and did not give appropriate consideration to his efforts to cooperate with the government.

In *United States v. Booker*, 125 S. Ct. 738, 765-66 (2005), the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]." The Supreme Court in *Gall v. United States*, 128 S. Ct. 586, 591 (2007), clarified the reasonableness standard of review announced in *Booker* requires that appellate courts review the ultimate sentence imposed under a "deferential abuse-of-discretion standard." A sentence is procedurally unreasonable if the district court

failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Id.* at 597.

Section 3553(a) provides district courts must consider, *inter alia*, (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(6). However, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 671 (2007) (quotations and alterations omitted).

"[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The burden

of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.* at 788. Although a sentence within the advisory Guidelines range is not *per se* reasonable, we ordinarily expect such a sentence to be reasonable. *Id.*

Scales' argument the district court failed to properly consider the § 3553(a) factors is a challenge to a sentence's procedural reasonableness. *See Gall*, 128 S. Ct. at 597. This argument fails, as the record reflects the district court's adequate consideration of the § 3553(a) factors. The court specifically discussed Scales' age and his extensive criminal history over the past eight years at the sentencing hearing. Before imposing its sentence, the court stated, "I take those offenses into consideration and I'm noting the statutory factors set forth in 3553[,] taking into consideration the nature and circumstances of the offense and the history and characteristics of the defendant." The court also noted it had considered the parties' statements in determining a sentence. Therefore, the record reflects the district court's adequate consideration of the § 3553(a) factors. *See Talley*, 431 F.3d at 786.

Although Scales did not dispute his classification as a career offender, he argues he should not have been given a sentence at the high end of the career offender range. Arguing for a lower sentence, Scales noted at sentencing "the

10

[Guidelines] range in this case is very harsh," and he contends the court gave "undue weight" to his criminal history while ignoring his attempt to cooperate with the Government. Scales does not give examples of his "attempts to cooperate with the Government," and the record does not reflect any, but he insists that "his efforts were at least worth consideration for a low-end guidelines sentence." However, the district court's focus on Scales' criminal history was not an abuse of discretion, as "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Amedeo*, 487 F.3d at 832.

Thus, we reject Scales' argument that his sentence was unreasonable. The record reflects the district court's adequate consideration of the § 3553(a) sentencing factors, and the court's focus on Scales' criminal history was not an abuse of discretion.

**AFFIRMED.**