[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15372
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00006-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DIETZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 4, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

David Dietz appeals his convictions for assault on a federal officer, in violation of 18 U.S.C. § 111(a), (b) and 18 U.S.C. § 2, resulting from his plea of guilty. Dietz argues that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to address the second of the rule's core concerns when it accepted his plea. Specifically, Dietz contends that the court plainly erred by failing to establish at the plea colloquy that he understood the nature and the elements of the charges to which he was pleading guilty. Although Dietz stated he understood and was not disputing the charges against him, he argues that, because the court failed to elicit which facts he disputed in the prosecutor's statement of the facts, the court failed to ensure that he understood the nature and elements of the charges against him. After review,[1] we affirm Dietz's judgment and conviction.

The second core concern of Rule 11 requires that, before a court accepts a defendant's guilty plea, "it must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is

---

[1]When a defendant fails to object to a Rule 11 violation in the district court, we review the alleged violation for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). If we find plain error, the defendant must also "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

pleading guilty." Fed. R. Crim. P. 11(b)(1)(G); *see also United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998). "Whether the court has adequately informed the defendant of the offense's nature turns on a variety of factors, including the complexity of the offense and the defendant's intelligence and education." *United States v. Telemaque*, 244 F.3d 1247, 1249 (11th Cir. 2001). Rule 11 does not specify that each element of the charge must be listed, and "there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." *United States v. Wiggins*, 131 F.3d 1440, 1442-43 (11th Cir. 1997).

In this case, the court did not specifically address the elements of the offense before accepting Dietz's guilty plea. The question, therefore, is whether the court adequately established that the defendant understood the nature of these charges in light of this omission.

The court adequately ensured that Dietz understood the nature of the charges. Dietz is a sophisticated and intelligent defendant with a bachelor's degree in criminal justice. The charges against him were relatively simple and the elements of the offense were laid out in the indictment. During the plea colloquy, the court asked whether Dietz had reviewed and discussed the indictment with his attorney and whether Dietz understood the indictment and charges against him.

3

Dietz answered both questions affirmatively. When the prosecution laid out the facts underlying the charges, Dietz disputed some of the details, but unequivocally admitted that he was guilty of the crimes of assault on the federal officers. Thereafter, the court made a factual finding that Dietz understood the nature of the charges against him and that the plea was informed.

Dietz's rights were not substantially affected by the court's failure to specifically discuss the elements and nature of the offense. *See Gordon v. United States*, 518 F.3d 1291, 1297-99. Moreover, even if the district court failed to adequately explain the nature of the offense, Dietz has not offered any evidence, or even argued, that there is a reasonable probability that he would not have entered the plea if not for the alleged error. Therefore, he has failed to meet his burden of showing plain error.

**AFFIRMED.**