[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15760
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00135-GAP-GJK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTOVOUS D. OLIVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 15, 2013)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Martovous Oliver appeals his conviction for conspiracy to distribute a

controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1), resulting

from his guilty plea. Oliver's indictment alleged that the offense involved 500 grams or more of cocaine. At his plea hearing, Oliver acknowledged that his offense had involved an attempt to purchase one kilogram of cocaine, but the district court did not mention drug weight in informing him of the elements of his conspiracy offense. On appeal, he argues that his guilty plea was not knowing and voluntary because the district court failed to inform him during his change of plea hearing that the government would be required to prove drug weight as an element of the offense. After thorough review, we affirm.

When a defendant objects for the first time on appeal to deficiencies in his Fed.R.Crim.P. 11 plea colloquy, we review for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). To establish plain error, the defendant must show: (1) there is error; (2) that is plain; and (3) affected his substantial rights; and if those three prongs are met, we have discretion to correct an error (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). As to the third prong, "a defendant who seeks reversal of his conviction after a guilty plea, [on the basis of plain error], must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Moreover, when the district court refers a dispositive matter to a magistrate, a party has 14 days to submit written

2

objections after being served with a copy of the magistrate's recommended disposition. Fed.R.Crim.P. 59(b)(2). "Failure to object in accordance with this rule waives a party's right to review." Id.; accord United States v. Garcia-Sandobal, 703 F.3d 1278, 1282-83 (11th Cir. 2013) (holding that a defendant "waived his right to appellate review" on his claim that the district court had erred in accepting his guilty plea because he failed to file a timely objection to the magistrate judge's report and recommendation that the plea be accepted).

Because a defendant waives a number of constitutional rights by entering a guilty plea, due process requires that he make the plea "knowingly and voluntarily." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). In accepting a defendant's guilty plea, a court "must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." Id. We have held that "there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." United States v. Wiggins, 131 F.3d 1440, 1443 (11th Cir. 1997). Instead, the district court must "review the particular charge and colloquy and determine whether the core objective of [Rule 11] was satisfied." Id. at 1444. Factors in this analysis include "the complexity of the offense and the defendant's intelligence and education."

3

United States v. Telemaque, 244 F.3d 1247, 1249 (11th Cir. 2001).  A defendant's "prior involvement in the court system" could also make "quick comprehension more probable."  Id. at 1249-50.  Moreover, "[p]ossession with intent to distribute . . . and conspiracy to do the same are not of course the most complicated of offenses."  Id. at 1249.  Under Rule 11, the district court must "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading."  Fed.R.Crim.P.  11(b)(1)(G).  Additionally, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed.R.Crim.P. 11(b)(3).

Anyone conspiring to commit a federal drug offense "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."  21 U.S.C. § 846.  When someone with a prior felony drug conviction is convicted of possession with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine, he shall be sentenced to a minimum of 10 years' imprisonment and a maximum of life imprisonment.  Id. § 841(b)(1)(B)(ii).  However, when the amount of cocaine is unspecified, someone with a prior felony drug conviction shall be sentenced to a maximum of 30 years' imprisonment.  Id. § 841(b)(1)(C).  To establish a conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant

4

knew of it; and (3) the defendant, with knowledge, voluntarily joined it.  United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005).

The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Applying Apprendi in the drug quantity context, we have held that the specific quantity of drugs for which a defendant is accountable does not become an element of a drug conviction unless it is used to sentence the defendant beyond the statutorily prescribed maximum penalty for the smallest detectable quantity.  United States v. Clay, 376 F.3d 1296, 1301 (11th Cir. 2004).  However, the Supreme Court has since held also that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.  Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013).  In the context of a guilty plea, such an element may be established when the defendant admits the facts in question.  See United States v. Booker, 543 U.S. 220, 244 (2005) (stating that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Here, Oliver waived any challenge to the Rule 11 plea proceeding, even for plain error, by failing to object to the magistrate's report and recommendation.

5

Fed.R.Crim.P. 59(b)(2).  Nevertheless, even reviewing the matter for plain error, we find no merit to Oliver's argument.  He has failed to establish that he did not understand that the charge against him involved a drug weight of more than 500 grams of cocaine -- especially since the government alleged that drug type and quantity in the indictment, and he agreed to it in the plea agreement that he signed and initialed.  Furthermore, at his plea colloquy, he acknowledged that the factual basis for the offense, including the alleged drug weight of one kilogram, was "true and accurate."  What's more, when the presentence investigation report ("PSI") attributed a kilogram of cocaine to the conspiracy, he did not object to that weight and filed a sentencing memorandum in which he adopted the PSI's statement of facts.  He also admitted to the district court at sentencing that the offense involved one kilogram of cocaine.  Finally, he indicated that his attorney had explained both the nature of the charge against him and the terms of his plea agreement.  In short, because Oliver has neither argued nor offered any evidence to suggest that there is a reasonable probability that he would not have entered the plea, and instead gone to trial, if not for the alleged error, we can find no plain error in Oliver's Rule 11 plea proceeding.  See Dominguez Benitez, 542 U.S. at 83.

**AFFIRMED.**

6