[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14519
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20283-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE EDDIE BATTLE, JR.,
a.k.a. Doja,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 31, 2018)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dwayne Battle pled guilty to one count of sex trafficking of a minor under the age of 14, in violation of 18 U.S.C. §§ 1591(a)(2) & (b)(1), and was sentenced to 300 months' imprisonment. On appeal, he argues that the district court plainly erred by failing to ensure that he understood the nature of the charges and the consequences of his plea. *See* Fed. R. Crim. P. 11. After careful review of the record and the parties' briefs, we affirm.[1]

When a defendant, like Mr. Battle, "fails to object to a Rule 11 violation, we review only for plain error." *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005). Mr. Battle bears the burden of showing that "there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018). If Mr. Battle succeeds in satisfying these conditions, "we may recognize the forfeited error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id*. at 1238 (quoting *Moriarty*, 429 F.3d at 1019) (alteration adopted).

Mr. Battle cannot establish that the district court plainly erred. The resolution of this case is driven by our recent decision in *Presendieu*, in which we analyzed Rule 11's requirements. We explained that "[a] guilty plea is voluntary in the constitutional sense where the defendant 'received real notice of the true

---

[1] The government notes that Mr. Battle's plea agreement contained an appeal waiver. This waiver does not, however, bar Mr. Battle's appeal because "an appeal waiver . . . which is part of a guilty plea is unenforceable if the plea itself is involuntary or unintelligent." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015). Because Mr. Battle contends that his guilty plea was involuntary or unintelligent, we consider his appeal despite the waiver.

nature of the charge against him.'"  *Id*. (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 (1976)).    Rule 11(b), we noted, "[b]uild[s] on these fundamental constitutional principles [and] sets out procedures that district courts must follow when accepting guilty pleas."  *Id*.  "These procedures are designed to address the three 'core objectives' necessary for a knowing and voluntary guilty plea: (1) that the defendant enters his plea free from coercion, (2) that he understands the nature of the charges, and (3) that he understands the consequences of his plea."  *Id*.  *See also Gordon v. United States*, 518 F.3d 1291, 1298 (11th Cir. 2008).

Mr. Battle contends that Rule 11 was not satisfied in this case because he was not adequately informed of the nature and elements of the charge of sex trafficking of a minor.  We disagree.  As we explained in *Presendieu*, "Rule 11 does not specify that a district court must list the elements of an offense."  880 F.3d at 1238.  Rather, "[t]here is no rigid formula or 'mechanical rule' for determining whether the district court adequately informed the defendant of the nature of the charges."  *Id*. (quoting *United States v. Camacho*, 233 F.3d 1308, 1314 (11th Cir. 2000)).  Although the "colloquy may be done in different ways depending on various factors," *United States v. Wiggins*, 131 F.3d 1440, 1443 (11th Cir. 1997), "[d]istrict courts must ensure, one way or another, that the defendant knows and understands the nature of the offenses to which he or she is pleading guilty," *Presendieu*, 880 F.3d at 1239.

3

At his hearing, the district court explained that Mr. Battle was pleading guilty to one count of sex trafficking a minor under the age of 14.   It also confirmed with Mr. Battle that he received the indictment in the case and had "a full opportunity to discuss the charges and [his] case in general, including any defenses" with his attorney.   D.E. 82 at 4.   Importantly, the district court also confirmed that Mr. Battle had read the factual proffer which outlined the offense conduct in detail, discussed it with his attorney, and understood it.   When asked initially if he agreed with the facts in the proffer, Mr. Battle required clarification because he did not have personal knowledge of some of the law enforcement investigative tactics or about the relationship to interstate commerce.   With that clarification, the district court asked "[a]re the things that are in the proffer that relate to what you did and what you said true?"   D.E. 82 at 15.   Mr. Battle responded in the affirmative and entered a guilty plea.

This record here indicates that Mr. Battle understood the nature of his charge.

First, the proffer adequately detailed the factual basis for his charge and included evidence with respect to each element.[2]   We do not believe that sex

---

[2] To prove the crime of sex trafficking a minor under 18 U.S.C. § 1591(a)(1), the government must prove that the defendant (1) knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means; and (2) knew or was in reckless disregard of the fact that (a) means of force, threats of force, fraud, or coercion would be used to cause the person to engage in a commercial sex act, or (b) the person was under the age of 18 and would be made to engage in a commercial sex act. *See* 18 U.S.C. § 1591(a)(1).  The government must also prove

trafficking of a minor is a crime of "extreme complexity;" nor does it "include any concepts so esoteric or unfamiliar to the layperson as to require a detailed listing or explanation of each element of the offense," so the district court did not need to recite the elements. Mr. Battle cites no authority to the contrary. *See Presendieu*, 880 F.3d at 1240 (finding no plain error, in part because the defendant could show no authority that established the crime in question was complex and required listing of elements).

Second, Mr. Battle's need for clarification demonstrated that he had thoroughly reviewed the factual proffer and had the presence of mind to note that he did not have personal knowledge that, for example, the police identified him through video surveillance. With respect to his criminal actions detailed in the proffer, however, Mr. Battle confirmed that it was accurate. "This exchange demonstrates the clarity of [Mr. Battle's] understanding of the nature of the charges against him and the way that the facts applied to those charges." *Presendieu*, 880 F.3d at 1241. Additionally, the district court made the express finding that Mr. Battle entered his plea knowingly and voluntarily. *See id.* Because the record confirms that Mr. Battle was aware he was pleading guilty to

---

that the offense affected interstate or foreign commerce. *See id.* But, the government need not prove that the defendant knew his actions would affect interstate commerce. *See United State v. Evans*, 476 F.3d 1176, 1180 n.2 (11th Cir. 2007). Because the government charged Mr. Battle under 18 U.S.C. § 1591(b)(1), the government also had to prove that the victim had not attained the age of 14 years at the time of such offense.

sex trafficking of a minor, understood the detailed factual proffer and admitted that he in fact committed the actions described in it, discussed the charges with his attorney, and unequivocally pled guilty to the charge, we conclude that the district court did not plainly err under Rule 11.  *See id*. at 1241–42 (finding no plain error under similar circumstances); *Wiggins*, 131 F.3d at 1441–42 (finding no error where district court made factual finding that defendant made informed plea and government outlined material facts of offense).

Mr. Battle cites four cases in which we found that the district court plainly erred in conducting a Rule 11 colloquy, but each case is distinguishable.  In *United States v. Hernandez-Fraire*, 208 F.3d 945, 949–50 (11th Cir. 2000), we found plain error where the district court did not discuss the consequences of a guilty plea, including failing to inform the defendant "of his right to plead not guilty, his right to the assistance of counsel at trial, his right to confront and cross-examine adverse witnesses at trial and his right against compelled self-incrimination." Here, the district court thoroughly explained these consequences and Mr. Battle does not argue otherwise.  Our decision in *United States v. Telemaque,* 244 F.3d 1247, 1249 (11th Cir.2001), is also unhelpful to Mr. Battle because there—unlike here—the district court "referred to the nature of the offense only once," and failed to ask the defendant if he reviewed the charges with his attorney or inquire about

6

his education to ensure that he understood them.     *See also Puentes-Hurtado*, 794 F.3d at 1286 (distinguishing *Telemaque* on this basis).

Mr. Battle's reliance on *United States v. James*, 210 F.3d 1342, 1345 (11th Cir. 2000), fares no better because we held that the Travel Act (unlike sex trafficking of a minor) is a complex charge and therefore the district court was required to discuss the elements of the offense in more detail.  Also, unlike here, the plea colloquy and plea agreement in *James* did not refer to a required element of the offense at all.  *See id*. at 1345–46.  Finally, in *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996), we found plain error because the record gave no indication that the defendant understood the elements of the offense.  As we have explained, here the colloquy and factual proffer which Mr. Battle reviewed give us confidence that he understood the nature of the sex trafficking charge to which he pled guilty.  *See Wiggins*, 131 F.3d at 1442 (distinguishing *Quinones* on this basis).

"[T]he better approach would have been for the district court to also explain the elements of the . . . charge."  *Puentes-Hurtado*, 794 F.3d at 1286.  *See also United States v. DePace*, 120 F.3d 233, 238 (11th Cir. 1997) ("[A] brief explanation of the aiding and abetting theory would have been preferable.").  But the failure to do so does not in and of itself violate Rule 11.  *See Wiggins*, 131 F.3d at 1442–43.  The record as a whole establishes that Mr. Battle was aware of the nature of the sex trafficking charge to which he pled guilty and the consequences

7

of entering his guilty plea.  Because Mr. Battle has not established plain error, we affirm.

**AFFIRMED.**