**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10625

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALEXANDER DE JESUS SIERRA LA TORRES,
   a.k.a. Alex,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20223-CMA-3

_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Alexander Sierra La Torres pled guilty to and was convicted of two counts of conspiracy to import cocaine.  Sierra La Torres

now appeals, arguing that the district court plainly erred during his plea colloquy by failing to inform him of the nature of the charges, as required by Fed. R. Crim. P. 11.  Because the record does not show that the court failed to comply with Rule 11, or that Sierra La Torres's substantial rights were affected, we affirm his convictions.

## I.

Sierra La Torres was charged in a multi-defendant indictment with two counts of conspiracy to distribute and import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), and 963.  He pled guilty to both counts in October 2024 without a written agreement.

At the change-of-plea hearing, the district court conducted the plea colloquy with Sierra La Torres through a Spanish-language interpreter.  The court confirmed that Sierra La Torres was competent to proceed and that he had received a copy of his indictment and reviewed it with counsel.  Sierra La Torres said he was "of course" satisfied with his counsel's representation and advice, and he confirmed his intent to plead guilty.

The district court asked the government to state the elements of the offenses.  The government replied, "The elements are that the Defendant manufactured or distributed 5 kilograms or more of a controlled substance, that being cocaine, that the Defendant had reasonable cause to believe that such controlled substance would be unlawfully imported into the United States."  Defense counsel agreed that the government's statement of the elements was accurate.

Next, the district court asked defense counsel to state the steps he had taken to familiarize Sierra La Torres about the charges and his options.  Counsel first noted that he was "fluent in Spanish, so . . . all the conversations [they] had were in Spanish and [they] understood each other perfectly fine."  Counsel then explained that he and Sierra La Torres had gone "over the entire discovery that the [g]overnment provided" and "met on numerous occasions," and that "[f]rom the very inception," Sierra La Torres "had the desire to plead guilty."  Counsel also indicated that it was his client's choice not to enter into a written plea agreement.  When prompted by the court, Sierra La Torres stated that he agreed with defense counsel's statements.  Sierra La Torres also advised the court that he was pleading guilty of his own free will because he was, in fact, guilty as charged.

After advising Sierra La Torres of the rights he was waiving by pleading guilty, the district court asked the government to state the facts it would have proved had the case gone to trial.  The government stated that Sierra La Torres and his coconspirators "knowingly and willfully conspire[d] to distribute controlled substances," namely five kilograms or more of cocaine, "with reasonable cause to believe that such substances would be unlawfully imported into the United States."  The government further alleged that Sierra La Torres was "a leader in a drug trafficking organization in Colombia where he helped to amass, transport and sell large amounts of cocaine before it was transported in maritime shipments," and that he was "actively involved" in the shipment of just over 730 kilograms of cocaine that was the subject of interdictions on January

21, 2021, and June 17, 2021.  Sierra La Torres denied having a leadership role but otherwise agreed that the facts were accurate.

The district court determined that Sierra La Torres's guilty plea was knowing and voluntary and that he was "aware of the nature of the charges and the consequences of his plea based upon his conversation with his attorney and the colloquy before the Court." The district court therefore accepted the guilty plea and adjudged him guilty.

Before sentencing, Sierra La Torres signed an acceptance-of-responsibility statement, which read, in relevant part, that he "pled guilty to Counts One and Two which charge[d] me with conspiring with others to distribute more than five kilograms of cocaine, knowing it would be imported into the United States."

The district court sentenced Sierra La Torres to a total term of 144 months' imprisonment.  He now appeals.

## II.

We review for plain error when a defendant, like Sierra La Torres, fails to object in the district court to a claimed violation of Rule 11.  *United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014).  Plain error occurs where a defendant shows (1) an error, (2) that is plain, and (3) that affects his substantial rights.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  If all three conditions are met, we may "correct the forfeited error if it (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (en banc) (quotation marks and brackets omitted).

"[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Rule 11 sets out procedures that district courts must follow when accepting a guilty plea. *See* Fed. R. Crim. P. 11(b). "These procedures are designed to address the three 'core objectives' necessary for a knowing and voluntary guilty plea: (1) that the defendant enters his plea free from coercion, (2) that he understands the nature of the charges, and (3) that he understands the consequences of his plea." *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018).

"[I]n Rule 11 proceedings, matters of substance, not form, are controlling." *United States v. Monroe*, 353 F.3d 1346, 1351 (11th Cir. 2003). "There is no rigid formula or mechanical rule for determining whether the district court adequately informed the defendant of the nature of the charges." *Presendieu*, 880 F.3d at 1238 (quotation marks omitted). Rule 11 does not necessarily require the court to "list the elements of an offense." *Id.* Instead, "what constitutes an adequate plea colloquy varies from case to case depending on the complexity of the charges and the defendant's intelligence and sophistication." *Id.*

At bottom, the district court must ensure "that the defendant knows and understands the nature of the offenses to which he or she is pleading guilty." *Id.* at 1239. That can occur in some cases

6                          Opinion of the Court                    25-10625

where the factual proffer "set[s] forth in such detail the facts of the crime that it effectively incorporates the substance of the elements of the offense. *Id.* Our task "is to review the record as a whole and determine . . . whether [the defendant] understood what he was admitting and that what he was admitting constituted the crime charged." *Id.* at 1240.

Section 959 makes it unlawful to distribute certain controlled substances, including cocaine, "knowing[] or having reasonable cause to believe that such substance . . . will be unlawfully imported into the United States." 21 U.S.C. §. 959(a). Section 963 prohibits attempts or conspiracies to violate § 959. *Id.* § 963. To convict a defendant of conspiracy, "the government must demonstrate that a conspiracy existed, that the defendant had knowledge of it, and that he or she voluntarily became a part of it." *United States v. Bascaro*, 742 F.2d 1335, 1359 (11th Cir. 1984).

Here, Sierra La Torres has not shown plain error. Sierra La Torres correctly notes that neither the district court nor the government listed or explained the elements of conspiracy. But we cannot say that the failure to directly address these elements affected Sierra La Torres's substantial rights.[1]

---

[1] Sierra La Torres claims that the district court "erred by failing to *personally* inform [him] of the nature of the offenses against him" and "improperly left it to the prosecutor to attempt to do so." Our review for plain error, however, is based on the entire record, including a defendant's agreement to a factual proffer. *See United States v. Presendieu*, 880 F.3d 1228, 1239–40 (11th Cir. 2018); *United States v. Wiggins*, 131 F.3d 1440, 1442–44 (11th Cir. 1997). And this case is not like *United States v. Telemaque*, 244 F.3d 1247, 1249 (11th Cir. 2001), where

25-10625                Opinion of the Court                7

Under our precedent, the conspiracy charges were "simple" offenses, *United States v. Bell*, 776 F.2d 965, 967, 969 (11th Cir. 1985) (holding that conspiracies to import and to possess and distribute marijuana were "simple" charges), which did not "include any concepts so esoteric or unfamiliar to the layperson as to require a detailed listing or explanation of each element of the offense," *Presendieu*, 880 F.3d at 1240.

The record also shows that Sierra La Torres agreed to a factual proffer that "effectively incorporate[d] the substance of the elements of the offense." *Id.* at 1239. During the plea colloquy, Sierra La Torres told the district court that he had reviewed the indictment. And he agreed with statements in the government's factual proffer that, "along with [his] coconspirators," he "knowingly and willfully conspire[d] to distribute controlled substances in Schedules I and II, with reasonable cause to believe that such substances would be unlawfully imported into the United States," and that he was involved in a Colombian drug-trafficking organization that transported large amounts of cocaine by boat.

Statements by Sierra La Torres and his counsel further support a conclusion that Sierra La Torres "understood what he was admitting and that what he was admitting constituted the crime charged." *Id.* at 1240. Sierra La Torres said he agreed with defense

---

we set aside a guilty plea on plain-error review because the district court merely asked the defendant if he had read the indictment and understood what he had been charged with.

counsel's statements that he had met with defense counsel, discussed the evidence, and "had the desire to plead guilty" early on. He also said he was pleading guilty of his own free will because he was, in fact, guilty as charged. Even without plain-error review, Sierra La Torres has not carried the burden of showing that the district court clearly erred in finding that he understood the nature of the charges. *See id.* at 1241.

Finally, although Sierra La Torres cites his lack of English proficiency on appeal, the record shows that defense counsel was fluent in Spanish and that the plea colloquy was conducted through a Spanish-language interpreter. We also see no indication that Sierra La Torres's ninth-grade education impeded his understanding of the charges, given their relatively simple nature.

For these reasons, the record does not reflect a "total or almost total failure to address a Rule 11 concern." *Monroe*, 353 F.3d at 1354–55. Nor has Sierra La Torres made any showing that, "but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. Because he has not shown plain error, we affirm his convictions.

**AFFIRMED.**