[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13124

_____

D.C. Docket No. 06-00029-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER A. ANTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 30, 2008)**

Before BARKETT and WILSON, Circuit Judges, and GOLDBERG,* Judge.

GOLDBERG, Judge:

_____

* Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

Peter Anton appeals his conviction for possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1) (2000). He first contends that the district court erred in denying his motion to dismiss the indictment because he is not a convicted felon. Anton further argues that his constitutional rights under the Fifth and Sixth Amendments were violated by various district court decisions. Anton also contends that the district court erroneously failed to grant his motion to suppress the evidence seized in the search of his residence because the warrant was not supported by probable cause. Lastly, Anton objects to the calculation of his sentencing range; specifically arguing that the district court erred: (1) in calculating his base offense level by holding him, without supporting evidence, responsible for over 200 firearms and a stolen firearm; (2) in finding that his firearms were not possessed for sporting or collection purposes; and (3) in failing to grant him a two-level reduction for timely acceptance of guilt. For the following reasons, we affirm Anton's conviction, but vacate and remand for resentencing.

## I. **DISCUSSION**

### A. **Anton's Status as a Convicted Felon**

Anton first argues that the district court erred in concluding that his 1989 plea of nolo contendre to one count of grand theft was a felony conviction. This

argument is meritless. "What constitutes a conviction . . . [is] determined in accordance with the law of the jurisdiction in which the proceedings were held . . . ." 18 U.S.C. § 921(a)(2). Under Florida law, a "'conviction' means adjudication of guilt irrespective of the sentence." Weathers v. State, 56 So. 2d 536, 538 (Fla. 1952). The Florida Statutes further provide that:

> [i]f it appears likely to the court upon a hearing of the matter that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and in either case, it shall stay and withhold the imposition of sentence upon such defendant and place the defendant upon probation.

Fla Stat. ch. 948.01(2).

We review questions of statutory interpretation de novo. United States v. Johnson, 399 F.3d 1297, 1298 (11th Cir. 2005). Under Florida Statute 948.01(2), the district court has the discretionary authority to withhold the adjudication of guilt. Sanchez v. State, 541 So. 2d 1140, 1141 (Fla. 1989). This decision is of vital importance as a plea of nolo contendre is not a felony conviction if the adjudication of guilt has been withheld. United States v. Willis, 106 F.3d 966, 967-68 (11th Cir. 1997). However, "a nolo contendre plea where adjudication is

3

not withheld or where there is subsequently an adjudication of guilt is a conviction . . . ." United States v. Drayton, 113 F.3d 1191, 1193 (11th Cir. 1997). In arguing his motion to dismiss, Anton conceded that he had been adjudicated guilty. Anton now cites several cases in support of his argument that an individual given a suspended sentence is not a convicted felon upon completion of the probationary term. See, e.g., Page v. State Bd. of Med. Exam'rs, 141 Fla. 468, 193 So. 82 (1940); Smith v. State, 75 Fla. 468, 78 So. 530 (1918). However, none of these cases involved an adjudication of guilt and therefore are inapposite. As the district judge adjudicated Anton's guilt in its 1989 order, Anton's nolo contendre plea is a conviction under Florida law. Accordingly, the district court did not err in concluding that Anton was a convicted felon for the purposes of § 922(g).

**B. Anton's Affirmative Defenses**

Anton argues next that the district court violated his Sixth Amendment right to present a meaningful defense, and the Fifth Amendment requirement which places the burden of proving all elements of an offense upon the prosecution. We review constitutional claims de novo. United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006). Anton argues that the district court erred in barring Anton from presenting evidence that his civil rights were restored after his probationary period expired, and that his nolo contendre plea was not a criminal conviction. However,

4

these arguments are meritless. Anton's restoration of rights argument was based upon his erroneous interpretation of Florida Statute 948.01(2) as having restored his civil rights upon his completion of the probationary period. As previously discussed, Anton's 1989 nolo contendre plea was a felony conviction. No other evidence demonstrating that his civil rights had been restored was presented. If a defendant offers no relevant evidence to support a defense, the court may properly bar its presentation at trial. United States v. Thompson, 25 F.3d 1558, 1560 (11th Cir. 1994). Accordingly, the district court did not err in barring this argument.

As far as his status as a convicted felon, the district court correctly concluded that this involved a question of law, rather than a question of fact for the jury. Willis, 106 F.3d at 967. Further, the district court did not engage in improper burden shifting because, had the case proceeded to trial, the government would still have been required to present evidence establishing Anton's conviction. The district court's ruling merely determined what constituted a criminal conviction as a matter of law, a legal finding to which the jury would then have applied to the facts of the case at trial. As such, the district court did not err in barring this defense, or engaging in improper burden shifting.

**C. Anton's Motion to Suppress**

Anton also argues that the district court erred in denying his motion to suppress the evidence obtained in the search of his residence—claiming that the warrant lacked sufficient facts to establish probable cause. The Court reviews denials of motions to suppress under a mixed standard of review—"reviewing the district court's findings of fact for clear error and its application of law to those facts de novo." United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir. 2005).

Generally, probable cause exists to support a search warrant when the totality of the circumstances indicates that there is a fair probability of discovering contraband. United States v. Brunbridge, 170 F.3d 1350, 1352 (11th Cir. 1999). Evidence that the defendant is in possession of contraband that is of the type that would normally expect to be hidden at their residence will support a search. United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990). Here, the warrant was supported by probable cause. According to the supporting affidavit, federal agents observed Anton with firearms at several gun shows. A confidential informant also indicated that Anton would attend a specific gun show and had claimed to be in possession of over 300 firearms. The affidavit further noted that based upon the federal agent's experience, convicted felons and firearms dealers possessing contraband typically store these items on their property. Based on

6

these statements and the fact that Anton's trailer was observed at multiple gun shows, the totality of the evidence provided probable cause to support the search of Anton's residence. Anton also argued that the warrant was based on stale information. However, staleness did not impact this warrant's validity. Anton was observed at several gun shows in 2005; observations that are substantially contemporaneous with the search of his property in late 2005.

Even had the underlying search warrant lacked probable cause, Anton is unable to avoid the application of the good faith exception to the exclusionary rule which allows courts to admit evidence obtained by police officers in reasonable reliance upon search warrants ultimately found to be unsupported by probable cause. United States v. Leon, 468 U.S. 897 (1984). None of the limited exceptions to the good faith exception apply to the warrant in this case as the warrant was not based on reckless information, and the district court reasonably determined that the judge issuing the warrant did not abandon his judicial role. Accordingly, the district court did not err in denying Anton's motion to suppress.

**D. Anton's Sentencing Objections**

Lastly, Anton objects to several aspects of his sentence. Anton argues that the district court erroneously accepted Probation's offense level calculation, which was not supported by evidence in the record. Anton also argues that the district

court erred in finding that his firearms were not possessed for sporting or collection purposes, and that he was not entitled to a two level reduction for timely acceptance of guilt. The Court reviews the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts de novo. See United States v. Humber, 255 F.3d 1308, 1311 (11th Cir. 2001).

Anton's first sentencing argument is that no evidence was introduced to support the conclusions that he was responsible for over 300 firearms and a stolen firearm. As far as the quantity of firearms, the government primarily relied on various documents seized at Anton's property. None of these documents were made part of the record before the district court at sentencing. The only other evidence related to the number of firearms were the hearsay statements of the confidential informant. However, to rely on hearsay statements at sentencing, the district court must make explicit findings as to the credibility and reliability of these statements. See United States v. Baker, 432 F.3d 1189, 1253-55 (11th Cir. 2005). Here the district court failed to make any findings regarding these hearsay statements. Similarly, the government failed to present any evidence to establish that one of Anton's firearms was stolen. Accordingly, the district court committed clear error by improperly calculating Anton's sentencing range based upon

unsupported conclusions. See, e.g., United States v. Wise, 881 F.2d 970 (11th Cir. 1989).

Anton's additional sentencing arguments, however, are meritless. Anton had the burden of producing evidence to establish that his firearms were for sporting or collection purposes, and failed to present any evidence in support of this point. See United States v. Caldwell, 431 F.3d 795, 799 (11th Cir. 2005). Similarly, Anton had the burden of establishing that he was entitled to a reduction for timely acceptance of responsibility, and failed to present any evidence that he had taken responsibility for his offense other than pointing to his conditional guilty plea. See United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). In fact, Anton continued to deny responsibility for more than the thirteen firearms listed in the plea agreement when it is obvious he possessed some quantity of additional firearms.

## II. CONCLUSION

Accordingly, we AFFIRM with respect to Anton's conviction, but VACATE and REMAND for resentencing.