[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12504
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20094-ASG-1


UNITED STATES OF AMERICA,

                                                           Plaintiff-Appellee,

versus

CARLOS ALBERTO ARTEAGA-TAPIA,

                                                           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

On October 14, 2010, pursuant to a plea agreement with the Government,

appellant, Carlos Alberta Arteaga-Tapia, represented by an assistant public defender, pled guilty to both counts of a superceding indictment: Count 1, alleging that he conspired to provide material support and resources to Al Qaeda, in violation of 18 U.S.C. § 2339(b)(1); Count 2, alleging that he conspired to manufacture and distribute cocaine, in violation of 21 U.S.C. §§ 959 and 963.[1] The same day, the district court scheduled appellant's sentencing for January 4, 2011.

After sentencing had been postponed on several occasions, appellant's attorney moved the court to withdraw and, on February 17, 2011, the court granted her motion. On February 24, 2011, the court appointed substitute counsel. On April 20, 2011, appellant moved the court to withdraw his pleas of guilty, claiming that he had pled guilty solely to get out of solitary confinement. The court heard the motion on May 13, 2011, denied it, and scheduled sentencing for May 24, 2011.

At sentencing, the district court accepted, without objection, its probation office's Guidelines sentencing range calculation for the combined offenses at 135 to 168 months' imprisonment, and sentenced appellant to concurrent terms of 135

---

[1] Osman Jose Tobias-Rodriguez was indicted as appellant's codefendant in both counts. He plead guilty to Count 2 of the superceding indictment and, on October 7, 2010, was sentenced to prison for a term of 135 months.

months. He now appeals his convictions and sentences.

Appellant challenges his convictions on the ground that his plea colloquy with the district court was constitutionally deficient and, moreover, insufficient under Federal Rule of Criminal Procedure 11; hence, the court should have granted his motion to withdraw his pleas. He challenges his sentences on the ground that the court denied him his right of allocution.

## I.

### A.

Appellant first argues that the plea colloquy the district court conducted was constitutionally deficient and failed to comply with Rule 11, because the court failed to explain adequately the charges against him and did not read aloud the factual bases of the offenses or go through the statement of the bases paragraph by paragraph.

We review constitutional claims in the criminal context *de novo*. *United States v. Anton*, 546 F.3d 1355, 1357 (11th Cir. 2008). Such claims may be forfeited, however, if they are not raised. If not raised, we review them for plain error. *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008). *See also United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010). "To establish plain error, [appellant] must show a clear error that prejudiced him by affecting his

substantial rights." *Id.* "In the context of a Rule 11 error, prejudice to the defendant means 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009), *cert denied*, 130 S.Ct. 2403 (2010) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004)).

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court explained that a state court's acceptance of a plea of guilty without a showing that it was knowingly and voluntarily entered violated the defendant's federal constitutional right against compulsory self-incrimination, right to trial by jury, and right to confront one's accusers. *Id.* at 242–43, 89 S.Ct. at 1711–12. It also noted that Rule 11 governs a district court's acceptance of a defendant's guilty plea. *Id.* at 243 n.5, 89 S.Ct. at 1712 n.5. We have since said, in a post-conviction context, that Rule 11 "constitutes the constitutional minimum requirements for a knowing and voluntary plea for the federal courts." *Stano v. Dugger*, 921 F.2d 1225, 1141 (11th Cir. 1991) (*en banc*).

Rule 11 provides that district courts must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading . . ." Fed. R. Crim. P. 11. Additionally, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual

basis for the plea." *Id.* 11(b)(3). "[A] district court's failure to satisfy any of the three core objectives of Rule 11 affects a defendant's substantial rights and, thus, can constitute plain error." *United States v. Camacho*, 233 F.3d 1308, 1314 (11th Cir. 2000). These core objectives are: "(1) ensuring that the guilty plea is free from coercion; (2) ensuring that the defendant understands the nature of the charges against [him]; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *Id.* What a district court must do to satisfy the second core concern varies depending on how difficult the charges are to understand and the defendant's sophistication and intelligence. *Id.* We will affirm if "'the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crime charged.'" *United States v. Moseley*, 173 F.3d 1318, 1324 (11th Cir. 1999) (quoting *United States v. Lopez*, 907 F.2d 1096, 1099 (11th Cir. 1990)).

The district court read to appellant the elements of the charges against him, questioned his attorney about his discussions with appellant about those charges, and asked appellant whether he understood them. He responded affirmatively. The court also questioned him about the factual bases for the pleas and whether they accurately represented the events that had occurred, and he said that they did. Appellant has presented no basis for us to conclude that the district court erred in

discussing the charges with him or that the result would have been different if the court had read the factual bases aloud during the plea colloquy. Thus, the district court complied with the requirements of Rule 11 and the United States Constitution.

## II.

## B.

Appellant next argues that the district court abused its discretion in denying his motion to withdraw his guilty pleas because he pleaded guilty to end his time in solitary confinement. We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion and will reverse the district court's decision only if it is arbitrary or unreasonable. *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir. 2002).

A defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, there is no absolute right to withdraw a guilty plea, and the decision whether to allow such withdrawal "is left to the sound decision of the trial court." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). We will reverse only if the district court's decision was arbitrary and unreasonable. *Id.* In reaching its decision, the district court should consider the totality of the circumstances and

evaluate: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary;" (3) whether withdrawal of the plea would conserve judicial resources; and (4) "whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472. "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw his plea] are issues for the trial court to decide." *Id.*

The district court heard the parties' arguments and considered the *Buckles* test. On appeal, appellant provides no reason for us to conclude that the district court erred in its conclusions about the *Buckles* test or that its decision was arbitrary or unreasonable. Accordingly, the court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas.

III.

Appellant argues that the district court plainly erred when it did not personally address him during his plea colloquy about his allocution right. Federal Rule of Criminal Procedure 32 requires the district court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). The court afforded appellant his right to speak on this occasion.

After the matter of the appropriate Guidelines sentence range had been

settled and the prosecutor recommended sentences at the bottom of the sentence range, defense counsel informed the court that his client wanted to make a statement. Counsel stated that he had advised appellant not to make the statement because it might prompt the court not to adjust the sentence range for acceptance of responsibility. Before appellant got up to make his statement, the court addressed him and explained the role acceptance of responsibility had in determining a defendant's sentence, stated that he was being represented by "a very good lawyer" and that he should "listen to [his advice]." Record, Vol. 11 at 6. Appellant responded that he understood what the court was saying. *Id.* At this point, appellant's attorney requested leave to speak to appellant, and the court granted his request. After counsel conferred with appellant, the following exchange took place:

> [COUNSEL]: Judge, first of all. I thank the Court for its advice to my client. My client has taken the Court's advice and again is not listening to my advice and he will just remain silent.
>
> THE COURT: All right. I'm sure you've told him that he's entitled to make any statement he wishes to make to the Court at this time, and I take it that having now discussed this matter with you that the decision is not to proceed to make a statement; is that rigtht?

[COUNSEL]: That is correct, Judge.

THE COURT: May I just confirm with your client; is that right?  Is that correct?

THE DEFENDANT:  Correct.

*Id.* at 7.  Following this colloquy, the court imposed sentence.

In fine, what we have here is, initially, a defendant's wish to address the court prior to imposition of sentence; defense counsel's statement to that he has advised the defendant not to make the statement; a brief recess enabling counsel and the defendant to confer; counsel's announcement that the defendant has elected not to make the statement; and the court's confirmation of that by personally addressing the defendant and obtaining his agreement.  We find no error, much less plain error,[2] in how the court handled the defendant's right of allocution and therefore affirm his sentences.

AFFIRMED.

---

[2] Appellant did not object, during the sentencing hearing, to the court's handling of the allocution issue; thus, we review the issue for plain error.