[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10559
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cr-00020-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMIE HARRELL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 16, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jimmie Harrell, Jr., appeals his conviction for being a felon in possession of

a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and

his 180-month imprisonment sentence.  On appeal, he argues that: (1) the district

court erred in denying his motion to suppress a firearm found in his residence because officers lacked probable cause for his arrest warrant and for a search warrant for his residence; (2) his attorneys rendered ineffective assistance of counsel by failing to file appropriate motions to address his mental health conditions; and (3) the district court erred in including one of his burglary convictions as a violent offense under the Armed Career Criminal Act ("ACCA") because it possessed insufficient evidence to conclude that the offense was a burglary. After careful review, we affirm.

When reviewing the denial of a motion to suppress, we review the district court's factual determinations for clear error, and its application of law to the facts de novo. United States v. Jordan, 635 F.3d 1181, 1185 (11th Cir. 2011). The facts are construed in a light most favorable to the prevailing party below, and substantial deference is afforded to the factfinder's explicit and implicit credibility determinations. United States v. Lewis, 674 F.3d 1298, 1303 (11th Cir. 2012). We review a district court's determination of probable cause de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996). Normally, we review the determination of whether a particular conviction qualifies as a violent felony under the ACCA de novo. United States v. Kirk, 767 F.3d 1136, 1138 (11th Cir. 2014). However, we review Harrell's ACCA claim for plain error because he did not present this particular challenge before the district court. United States v. Deverso, 518 F.3d

1250, 1255 (11th Cir. 2008). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

First, we reject Harrell's claim that the district court erred in denying his motion to suppress. Both an arrest warrant and a search warrant require probable cause, see U.S. Const. amend. IV, which is a commonsense, nontechnical concept that cannot be readily reduced to a set of legal rules, Ornelas, 517 U.S. at 695-96. It is "a doctrine of reasonable probability and not certainty." Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997) (en banc) (quotation omitted). We examine it from the viewpoint of an objectively reasonable officer. Ornelas, 517 U.S. at 696. An officer does not need the same type of specific evidence for each element of the offense to support probable cause as is necessary to support a conviction. Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir. 2003).

An officer has probable cause to arrest a person when he has sufficient knowledge, based on reasonably trustworthy information, for a prudent person to believe that the suspect has committed or is committing an offense. Craig, 127 F.3d at 1042. A statement by a law enforcement officer based upon his personal observations is entitled to a presumption of reliability. United States v. Reed, 700

3

F.2d 638, 642 (11th Cir. 1983). An officer has probable cause for a search when there is a fair probability that contraband or evidence will be found in a particular place. United States v. Goddard, 312 F.3d 1360, 1363 (11th Cir. 2002). An informant's tip may be given greater weight if it contains an explicit and detailed description of wrongdoing and states that the informant witnessed the crime. Id. We have previously concluded that a witness's observation of a felon possessing a firearm was not stale evidence when the observation was made in the same year as the search. See United States v. Anton, 546 F.3d 1355, 1358 (11th Cir. 2008).

Here, the district court did not err in concluding that probable cause existed to issue the arrest warrant against Harrell. A law enforcement official testified that Harrell drove by his residence and nodded at him, his truck drove near the residence three more times in a two-hour period, and he previously arrested Harrell for witness tampering. This testimony about Harrell's nonverbal conduct was sufficient for a prudent officer to believe that Harrell committed witness tampering, in violation of Fla. Stat. § 914.22. Craig, 127 F.3d at 1042. Nor did the court err in concluding that the officer who obtained the arrest warrant had probable cause to believe a firearm was inside of Harrell's residence. Two witnesses testified similarly that less than a month before the search, Harrell had brought a firearm over to their residence. These witnesses gave specific details about the firearm, and said that he kept it inside of his trailer. A reasonable officer

would give this information great weight due to the detailed descriptions of the firearm and the affirmation that they personally saw it. See Goddard, 312 F.3d at 1363. Therefore, a reasonable officer would have believed that there was a fair probability that a firearm would be inside of Harrell's trailer, and the district court did not err in denying Harrell's motion to suppress the firearm.

Next, we decline to consider his ineffective assistance of counsel claim. We will not consider a claim of ineffective assistance of counsel raised in a direct appeal unless the claim was first raised before the district court and an opportunity existed to develop a relevant record of the claim's merits. United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012). We prefer ineffective assistance claims to be brought through a motion under 28 U.S.C. § 2255, even if the record contains an indication that counsel's performance was deficient. United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010).

In this case, although several ineffective assistance claims were brought to the district court's attention, none of those claims asserted that Harrell's attorneys rendered ineffective assistance by failing to address his mental health conditions. Furthermore, a relevant record has not been developed concerning this claim, since there is little evidence about Harrell's mental health condition. Therefore, we decline to consider Harrell's ineffective assistance claim in this appeal.

Finally, we are unpersuaded by Harrell's claim that the district court erred in including one of his burglary convictions as a violent offense under the ACCA. The ACCA contains a mandatory minimum sentence of 15 years' imprisonment for a § 922(g) conviction when the defendant has three prior convictions for violent felonies that occurred on different occasions. 18 U.S.C. § 924(e)(1). A crime is a "violent felony" if it is punishable by more than one year of imprisonment and "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The Florida state offense of burglary of a structure, codified in Fla. Stat. § 810.02, qualifies as a violent felony under the ACCA. Kirk, 767 F.3d at 1139-41. A defendant may not collaterally attack his prior state convictions when challenging an ACCA enhancement unless he claims a violation of the right to counsel. United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999).

In this case, the district court committed no error, plain or otherwise, in concluding that Harrell's burglary conviction qualified as a violent felony under the ACCA. Kirk, 767 F.3d at 1139-41. As for his claim that the pre-sentence investigation report's description of his burglary conviction was insufficient, Harrell admitted through counsel at sentencing that he believed the government had certified judgments for all of his convictions. Otherwise, his challenge to the

6

burglary conviction appears to be a collateral attack on his state conviction that he cannot bring.  Walker, 198 F.3d at 813.

**AFFIRMED**.