[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12272
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00265-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID JACOB WILLIAM GUITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 14, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

David Guite appeals his two convictions for the production of child pornography with an object obtained via interstate commerce, in violation of 18 U.S.C. § 2251(a).  Guite raises three issues on appeal.  First, he argues that the district court erred in failing to mention interstate and foreign commerce in the plea colloquy, an essential element of the charged offenses.  Second, he argues that 18 U.S.C. § 2251(a) exceeds Congress's authority under the Commerce Clause.  Finally, he argues that his 780-month total sentence violates the Eight Amendment.  We will address each point in turn.

I.

We normally review constitutional claims in the criminal context *de novo*. *United States v. Anton*, 546 F.3d 1355, 1357 (11th Cir. 2008).  The Due Process Clause requires that a defendant's guilty plea be made voluntarily and knowingly. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969).  Rule 11 was "designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *Id.* at 465, 89 S. Ct. at 1170.  A guilty plea cannot be voluntary and knowing unless the defendant received real notice of the true nature of the charges against him. *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257, 49 L. Ed. 2d 108 (1976).  When a defendant fails to object to Rule 11 errors at his plea

2

colloquy, we review for plain error. *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010).

To establish plain error, Guite must show that (1) there is an error (2) that is plain or obvious (3) affecting his substantial rights in that it was prejudicial and not harmless and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). "In the context of a Rule 11 error, prejudice to the defendant means 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004)). However, because Guite alleges both Rule 11 and due process violations, we need not determine whether Guite has shown there was a "reasonable probability that, but for the error, he would not have entered the plea" if there is no plain error under a traditional due process analysis. *See Dominquez Benitez*, 542 U.S. at 83, 124 S. Ct. at 2340.

In evaluating whether a defendant has shown that his rights were substantially affected or prejudiced, we examine the three "core objectives" of Rule 11, which are: (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty

plea.  *United States v. Lejarde–Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003).  We have upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns.  *Id.*

Further, we will only find that a Rule 11 plain error affects substantial rights when a district court totally fails or almost totally fails to address a Rule 11 concern.  *See United States v. Telemaque*, 244 F.3d 1247, 1249 (11th Cir. 2001) (plain error in failing to describe to defendant with low educational achievement at all the nature of the charges against him); *United States v. James*, 210 F.3d 1342, 1345-46 (11th Cir. 2000) (plain error by not specifying "any of the elements involved in the charge or any facts that would support the charge" to defendant with tenth grade education); *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996) (plain error by "never mention [ing] the elements" of the firearm charge).  Therefore, we will not find substantial rights affected when a district court actually covered the three core concerns but merely "slipped up" and failed to cover one item in the Rule 11 list.  *See United States v. Monroe*, 353 F.3d 1346, 1355 (11th Cir. 2003).

There is no set formula that must be applied in determining whether the district court adequately informed the defendant of the nature of the charges brought against him; rather, the level of inquiry "varies from case to case

4

depending on the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *United States v. Camacho*, 233 F.3d 1308, 1314 (11th Cir. 2000) (quotation omitted).  Our analysis in *United States v. DePace,* 120 F.3d 233 (11th Cir. 1997), and *United States v. Wiggins,* 131 F.3d 1440 (11th Cir. 2000), provide guidance.  In *DePace*, we held that the district court did not plainly err, despite not explicitly addressing the elements of the aiding and abetting theory of liability on a charge of carrying a firearm in relation to a drug trafficking crime, because it implicitly found that the defendant understood the nature of the charges.  *DePace,* 120 F.3d at 238.  The district court determined that the defendant had graduated from high school and had completed some college; the court read the indictment, listed the essential elements, and confirmed that the defendant had reviewed the plea agreement and the indictment with his counsel, and, after the court confirmed that defendant agreed with the factual proffer, the court asked the defendant whether he had any questions about the proceedings.  *Id.*

In *Wiggins*, we affirmed the district court's factual determination that the defendant understood the nature of the charge where: (1) the district court "at least incorporated the substance of the [the elements of the bank robbery charge]" during its direction to Wiggins to listen to the government's factual proffer; (2) the defendant "unequivocally" admitted committing the crime; and (3) the judge

5

observed the demeanor of the defendant and "made an express factual finding at the end of plea colloquy that [the defendant] had entered an informed plea." *Wiggins* 131 F.3d at 1442-43.  We stated that "Rule 11(c) does not specify that a district court must list each element of the offense seriatim. . . there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges."  *Id.* at 1442-43.

Here, although Guite claims the district court failed to recite an essential element of Counts 1 and 2, the district court did not plainly err by failing to ensure that Guite understood the nature of the charges against him.  Guite stated that he had a full opportunity to discuss the charges with his attorney, and that he understood every term of the plea agreement.  Significantly, the district court specifically asked Guite if the pornographic images passed through interstate commerce, to which Guite responded in the affirmative.

This case is also factually distinguishable from our holdings in *Telemaque*, *James*, and *Quinones*, because Guite stated that he agreed with the factual proffer, he had reviewed the indictment and plea agreement, the charges were not complex, and he had attained an associate's degree level of education. Furthermore, Guite admitted at his sentencing hearing that he knew his actions were wrong, and he never indicated any misunderstanding of the charges.

6

Given the above facts, the district court did not plainly err in concluding that Guite's plea was knowing and voluntary because he understood the nature of knowingly producing and distributing child pornography. Accordingly, we affirm in this respect.

## II.

We normally review the constitutionality of a challenged statute *de novo*. *United States v. Panfil*, 338 F.3d 1299, 1300 (11th Cir. 2003). Because Guite did not raise this challenge below, however, we review for plain error. *See Raad*, 406 F.3d at 1323.

To succeed on a challenge to a legislative act as applied, the challenger must show that no set of circumstances exists under which the act would be valid. *Benning v. Georgia*, 391 F.3d 1299, 1304 (11th Cir. 2004). Thus, if § 2251 is constitutional as applied to Guite, his facial challenge to the statute also fails. *See United States v. Maxwell*, 446 F.3d 1210, 1215 n.5 (11th Cir. 2006). Further, under the well-established prior precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit; thereby binding all subsequent panels unless and until the first panel's holding is overruled by this Court sitting *en banc* or by the Supreme Court. *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

7

Section 2251(a) prohibits the production of child pornography "using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means."  In *Maxwell*, we relied on the Supreme Court's decision in *Gonzales v. Raich*, 545 U.S. 1, 125 S. Ct. 2195, L. Ed. 2d 1 (2005), and determined that, in order to effectuate a comprehensive scheme to eliminate the market for child pornography, it is within Congress's authority to regulate all intrastate possession of child pornography, not just that which has traveled in interstate commerce or has been produced using materials that have traveled in interstate commerce.  *Maxwell,* 446 F.3d at 1218.  We thus upheld against an as-applied challenge a conviction under 18 U.S.C. § 2252A.

In *United States v. Smith*, 459 F.3d 1276 (11th Cir. 2006), we upheld on plain error review against an as-applied challenge a defendant's § 2251(a) conviction where the government only provided evidence that the paper on which the pornographic images were printed and the machine that developed the images, rather than the images themselves, had moved in interstate or foreign commerce. 459 F.3d at 1282, 1284-85.  We reasoned that § 2251(a) "is part of a comprehensive regulatory scheme criminalizing the receipt, distribution, sale, production, possession, solicitation and advertisement of child pornography.  As such we need only determine whether Congress could rationally conclude that the cumulative effect of the conduct by [Smith] and his ilk would substantially affect

8

interstate commerce." *Id.* at 1285.  We determined that Congress could have rationally concluded that the inability to regulate intrastate possession and production of child pornography would, in the aggregate, undermine Congress's regulation of the interstate child pornography market.  *Id.*  Consequently, we held that there was no constitutional error in applying § 2251(a) to the defendant's conduct.  *Id.*

Here, Guite produced child pornography using a smartphone that was manufactured outside the state and had, consequently, moved in interstate commerce.  Therefore, under *Smith*, applying the statute to Guite under these circumstances does not violate the Commerce Clause.  Because the statute does not violate the Commerce Clause in this case, there are circumstances under which the statute is valid, and therefore, Guite's claim also must fail under the plain error standard of review.  *See Benning*, 391 F.3d at 1304.  Further, we cannot overrule *Smith* absent an *en banc* ruling or a decision by the Supreme Court.  *See GTE Corp.*, 236 F.3d at 1300 n.8.  Accordingly, we affirm in this respect as well.

### III.

We review constitutional challenges to defendants' sentences *de novo*. *United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009).  However, when a defendant fails to raise an Eighth Amendment challenge to a sentence in the

9

district court, we review the claim for plain error. *United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1188 (2015).

The Eighth Amendment prohibits the imposition of cruel and unusual punishments. U.S. Const. amend. VIII. It does not require strict proportionality between crime and sentence. *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010). A sentence only violates the Eighth Amendment if it is grossly disproportionate to the offense conduct. *Id.* To determine if a sentence violates the Eighth Amendment, we first compare the crime committed to the sentence imposed and determine whether any disparity creates an inference of gross disproportionality. See *id.* at 1344. The defendant bears the burden of making the threshold showing of gross disproportionality. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). If we determine that the defendant has made a sufficient threshold showing of gross disproportionality, we may then compare the defendant's sentence with sentences imposed for other crimes in the same jurisdiction and sentences imposed for the same crime in other jurisdictions. *Farley*, 607 F.3d at 1342, 1344.

The proportionality inquiry is guided by objective factors, including the gravity of the offense and the severity of the punishment. *Solem v. Helm*, 463 U.S. 277, 290-91, 103 S. Ct. 3001, 3010, 77 L. Ed. 2d 637 (1983). The harm caused or threatened to victims or society and the culpability of the offender are relevant to

10

the gravity of the offense. *Id.* at 292, 103 S. Ct. at 3011. Whether a non-capital sentence is statutorily mandated is irrelevant to the proportionality analysis. *Farley*, 607 F.3d at 1343. Therefore, we treat a sentence imposed pursuant to a statute as if the sentence were imposed by a judge exercising his or her sentencing discretion. *Id.* Successful challenges to the proportionality of non-capital sentences are very rare. *Flores*, 572 F.3d at 1268. We also give substantial deference to Congress in determining the limits of punishments for certain crimes. *United States v. Mozie*, 752 F.3d 1271, 1290 (11th Cir.), *cert. denied*, 135 S. Ct. 422 (2014). Generally, sentences imposed within statutory limits do not violate the Eighth Amendment. *See Flores*, 572 F.3d at 1268.

Guite has failed to show that his 780-month total sentence is grossly disproportionate to the offense committed, and therefore, cruel and unusual. Guite sexually molested his own children, ages three and five, and took images of the act, which he then sent to other individuals. Not only did Guite's children suffer at his own hand, which he readily admits, but his children will continue to be the victims because the images will likely continue to circulate on the internet. Further, the district court noted that perpetrators of this kind of crime pose a significant threat to the community, most especially those in the community who lack the ability to truly protect themselves. Therefore, Guite's total sentence,

11

which is below the statutory maximum, is not grossly disproportionate under current law.

Furthermore, Guite candidly acknowledges in his brief that there is no controlling precedent that plainly shows that his total sentence is grossly disproportionate to his crimes, and we have regularly found life sentences in child sex crimes do not violate the Eighth Amendment.  As such, Guite has not met his burden of showing that the district court plainly erred by imposing a 780-month total sentence.

Accordingly, for the reasons stated above, we affirm.

**AFFIRMED**